UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRIMINAL DIVISION
CASE NO.: 07-60027-CR-ZLOCH/SNOW

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

FRANK HERNANDEZ and

AMADA HERNANDEZ

      Defendants.

_____/

## MEMORANDUM IN SUPPORT OF THE
## HERNANDEZ DEFENDANT'S MOTION FOR MISTRIAL

COME NOW, the Defendants, FRANK HERNANDEZ and AMADA HERNANDEZ, by and through their undersigned counsel, and in furtherance of this Court's direction that they may file any objections or grounds for objections in writing following their oral motion for mistrial of February 5, 2009, respectfully sets forth the following:

1. The Hernandez Defendants are charged in Count 1 of the Indictment with conspiracy to distribute Schedule III and Schedule IV controlled substances in violation of 21 USC § § 841 and 846, and in Counts 5 through 8 with distribution of Schedule III controlled substances. The Defendants have not been charged with the crime of possession of a controlled substance with intent to distribute.

2. The Government elicited testimony from two Diversion Invesigators on February 5, 2009 that, in the course of the execution of a search warrant at C&H

Wholesale and Lifeline Pharmacy on August 21, 2003, diversion investigators found within the personal offices of Frank Hernandez and Amada Hernandez several bottles of controlled substances. The Government elicited testimony from the Diversion Investigators that these controlled substances were improperly kept in the private offices of the Defendants, and not within the confines of the wholesale or retail pharmacies which are owned by the Defendants. The Diversion Investigators testified that the manner in which these controlled substances were possessed by the Defendants were in violation of the law and/or DEA regulations.

3.      Defendants objected to this testimony and moved for a mistrial. Afterwards, the Court denied the motion but invited counsel to file any objections or grounds in furtherance of their motion in writing. Thereafter, this Court gave counsel the opportunity to make a record, but because counsel advised the Court that he would file his objections in writing, this pleading is filed solely to preserve the issue so as to avoid any contention, if an adverse verdict is returned, that the failure to file a written objection in writing would be deemed a waiver by the Government in the course of appellate proceedings.

4.      Therefore, the Hernandez Defendants would simply reiterate, to preserve the record, their claim that:

a.      The Government violated Rule 16(a)(1)(E)(iii) of the Federal Rules of Criminal Procedure by failing to apprise the Defendants that the Government had in its papers and intended to use in its case-in-chief items which belonged to the Defendants. The Government was in possession of reports and papers indicating that the Hernandez's were in unlawful possession of controlled

substances. The Government intended to introduce that evidence at trial in its case-in-chief, and failed to apprise the Defendants in violation of Rule 16 of the Federal Rules of Criminal Procedure;

b.    The Government violated the Standard Discovery Order for the Southern District of Florida at Paragraph A.5, in failing to disclose to the Defendants documents which were material to the preparation of the Defendant's case regarding matters which belonged to the Defendants, and that the Government had in its possession written reports from Diversion Investigators regarding the unlawful or inappropriate possession of controlled substance by the Hernandez Defendants and failed to apprise the Defendants that it intended to introduce this evidence in its case-in-chief;

c.    The Government violated the Standing Discovery Order for the Southern District of Florida at Paragraph H by failing to advise the Defendants of its intention to introduce extrinsic act evidence pursuant to Rule 404(b) and by failing to advise the Hernandez Defendants that it intended to introduce evidence of personal possession of controlled substances by the Defendants at their trial on an Indictment wherein they are not charged with personal possession of controlled substances, but with conspiring to distribute and the unlawful distribution of controlled substances through the use of the internet;

d.    The Government violated Rule 404(b) of the Federal Rules of Evidence by impermissibly introducing evidence of other crimes, wrongs or acts which were introduced for no purpose other than to show bad character of the Defendants, and such evidence was not inextricably interwoven into the

Government's theory of the Indictment, as personal possession of controlled substances does not demonstrate or shed light on the Defendants' knowledge or willingness to engage in illegal activity by distributing controlled substances through the use of the internet.

5.      The Defendants were prejudiced by the introduction of this evidence, and the discovery violations prevented the Defendants from filing a pre-trial motion in limine to raise their objections under Rules 401, 403 and 404(b) of the Federal Rules of Evidence.

Wherefore, the Defendants set forth these objections and grounds in order to preserve its oral motion, denied by the Court on February 5, 2009.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been electronically filed with the Clerk of the Court using CM/EMF and furnished by electronic delivery on this ___6th___ day of February, 2009 to all counsel of record.

Respectfully submitted,

PETER RABEN, P.A.
Museum Tower
150 West Flagler Street
Miami, Florida 33130
Telephone:   (305) 379-1401
Facsimile:     (305 374-0081

By: /s/ Peter Raben
PETER RABEN, ESQUIRE
Florida Bar No.: 231045